**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GEORGE V. SMITH,**

        **Plaintiff,**

        Case No. 6:04-cv-1811-Orl-28DAB

**THE SCHOOL BOARD OF ORANGE COUNTY,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL DEPOSITIONS (Doc. No. 28)** |
| **FILED:** | **November 7, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED on the merits and for failure to comply with Local Rule 3.01(g)**.

| | |
|---|---|
| **MOTION:** | **MOTION TO DEEM ADMITTED (Doc. No. 29)** |
| **FILED:** | **November 14, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED on the merits and for failure to comply with Local Rule 3.01(g)**.

Plaintiff seeks to compel additional depositions of Orange County Schools Superintendent Ron Blocker and Senior Manager for Legal Services Catherine Van Kirk, as well as the production of documents he subpoenaed in connection with their depositions, which were not produced. On October 4, 2005, both individuals were deposed. Despite Plaintiff's failure to provide thirty days notice for

the subpoenas duces tecum accompanying Mr. Blocker's deposition notice, Defendant produced responsive documents. *See* Doc. No. 32-2. Plaintiff is generally only entitled to depose each witness once, and he has failed to show good cause for a second deposition of either witness. *See* FED. R. CIV. P. 30(a)(2)(B).

As to the documents sought in connection with Ms. Van Kirk's preparation of Defendant's response to the EEOC charge, Defendant contends that there are no documents other than the response itself. Moreover, Ms. Van Kirk's research and preparation of the response letter are protected by the work-product privilege and Plaintiff is only entitled to them under the most stringent standard. *See* FED. R. CIV. P. 26(b)(3) (a party may obtain discovery of documents and tangible things otherwise discoverable and prepared in anticipation of litigation or for trial by or for another party only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means). A party is not entitled to the mental impressions, conclusions, opinions, or legal theories of an attorney for the opposing party. *Id.* Plaintiff is not entitled to depose Ms. Van Kirk regarding the strategy, legal theories, opinions, or conclusions she made while preparing Defendant's response to the EEOC charge.

Plaintiff, proceeding *pro se,* served admissions on Defendant on July 29, 2005, while he was represented by counsel. Doc. No. 29-2, 29-3. On August 30, 2005, the Court granted Plaintiff's Motion to allow counsel to withdraw. Doc. No. 22. While represented by counsel, a party is not authorized to act *pro se* (*see* Local Rule 2.03(d)); thus, Plaintiff's *pro se* requests for admission had no effect.

Plaintiff is now responsible for properly prosecuting his claim in this litigation, which includes **being familiar with and abiding by the Federal Rules of Civil Procedure and the Local Rules of this Court**. Plaintiff has already been admonished that failure to comply with the Rules or orders of this Court may result in imposition of sanctions. As the Court has previously explained, Plaintiff was not proceeding *pro se* until August 30, 2005; thus, any discovery served by him personally (and not through counsel) before August 30, 2005 was without effect. Any further motions to compel discovery that was served on Defendant before August 30, 2005 will be cause for sanctions that may include an award of attorney's fees to the opposing party, dismissal of certain claims, or dismissal of this action.

**DONE** and **ORDERED** in Orlando, Florida on November 23, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Plaintiff George V. Smith