**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GEORGE V. SMITH,**
    **Plaintiff,**

-vs-           **Case No.  6:04-cv-1811-Orl-28DAB**

**ORANGE COUNTY SCHOOL**
**BOARD,**
    **Defendant.**
_____/

## ORDER

   This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL [RESPONSES TO FIRST AND SECOND SET OF] INTERROGATORIES (Doc. No. 67)** |
| **FILED:** | **June 13, 2006** |
| | |
| | **THEREON** it is **ORDERED** that the motion is **DENIED**. |
| **MOTION:** | **PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY [OF ADMISSIONS] (Doc. No. 72)** |
| **FILED:** | **June 30, 2006** |
| | |
| | **THEREON** it is **ORDERED** that the motion is **DENIED.** |

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL [REQUEST FOR PRODUCTION] (Doc. No. 73)** |
| **FILED:** | **July 7, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

| | |
|---|---|
| **MOTION:** | **MOTION FOR PROTECTIVE ORDER AS TO AUGUST 17, 2006 DEPOSITION OF KAREN ARDAMAN (Doc. No. 85)** |
| **FILED:** | **August 10, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **MOTION TO LIMIT TIME [FOR COURT RULINGS] (Doc. No. 87)** |
| **FILED:** | **August 11, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL [DEPOSITION OF ARDAMAN] (Doc. No. 88)** |
| **FILED:** | **August 15, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED as set forth herein**.

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL [RESPONSES TO] THIRD SET OF INTERROGATORIES (Doc. No. 93)** |
| **FILED:** | **September 8, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff seeks to compel responses to his interrogatories and requests for admission, and compel the production of documents.  Plaintiff also seeks to compel the continued deposition of Karen Ardaman, Chair of the Orange County School Board.

*Interrogatories*

Plaintiff is not satisfied with the School Board's objections and seeks different responses to many of his interrogatories.  In the First Set of Interrogatories (Numbers 3 and 4), Plaintiff sought information about the "Due Process Procedure" he was afforded, which he did not define in the Interrogatories.  The School Board's response, after stating its objection, was that Plaintiff (who was still in the probationary period) was provided notice and given an opportunity to challenge his termination at the September 26, 2006 School Board meeting.  Doc. No. 67-4 at 2.  This response is sufficient.  Plaintiff also sought information about the "Due Process Procedure" in the "Consent Agreement on Civil Rights" between the School Board and the United States Government.  *Id.* at 2.  The Consent Agreement is not in evidence, was not attached to the Interrogatory, and even if it were, it is not enforceable by Plaintiff and it is not relevant to his claims because he is suing under the federal discrimination laws.

For the Second Set of Interrogatories Numbers 1 to 4, Plaintiff is seeking information concerning pay ranges and benefits available to "instructors" (an undefined term) with four to six years of "experience" (also an undefined term) beginning in August 2001 to 2003, benefits, available bonuses, inducements, and overtime, and maximum employer contribution to retirement.  The School Board objected to the Interrogatories as irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff also seeks a response to Interrogatory No. 5, which asks the School Board to "identify all applicants up to the last ten prior to [Plaintiff] who were refused

employment solely because they left employment under Florida Statute 231.36." The School Board objected to the Interrogatories as vague and ambiguous. Plaintiff makes no specific argument to compel an answer to these Interrogatories. The objections are sustained.

In his Third Set of Interrogatories, Plaintiff sought information regarding the last known address and phone number and "last contact date, name of title [sic] of the contact, of Ed Douglas by anyone representing the defendant." Doc. No. 93-5 at 1. The School Board provided the last known address and phone number of Mr. Douglas, but objected to the overly broad and unduly burdensome nature of the remainder of the request, in that it was not limited to issues relevant to this lawsuit and the School Board has thousands of employees who may have spoken with Mr. Douglas for any reason. Doc. No. 93-5. The objection is sustained as overly broad and unduly burdensome. In addition, Plaintiff has failed to argue the relevancy to this litigation of Mr. Douglas's information or contacts with the School Board. As long as Mr. Douglas is no longer employed by the School Board, Plaintiff is free to contact him to find out who has contacted him from the School Board.

*Requests for Admission*

Plaintiff seeks to have the Court "determine the sufficiency" of the School Board's responses to his Sixth Requests for Admission. As the Court has pointed out to this *pro se* Plaintiff previously, in responding to requests for admission, a party is permitted to raise objections as well as respond and may qualify its response beyond simple admission or denial so long as the substance of the request is addressed. Doc. No. 62, citing FED. R. CIV. P. 36(a). If Plaintiff believes any denials are incorrect, it is his obligation to present evidence at the appropriate time.

The Court has reviewed the Requests and finds all objections to be proper. Several the Requests for Admission on which Plaintiff seeks further responses relate to details of his termination

-4-

or replacement[1].  Doc. No. 72-4, Admissions 8, 9, 11, 13, 14, 15, 17, 18, 20, 22.  Other Admissions

were properly objected to as calling for a legal conclusion or as being vague.  *See* Doc. No. 72-4,

Admissions 4, 5, 6, 7, 10, 21.  Still other Requests were answered without waiving the objections

stated.

As the Board contends, the Plaintiff is attempting to litigate the issue of his termination that

occurred on September 15, 2000, which is not a claim in this suit; Plaintiff is suing for discrimination

and retaliation arising out of the Board's refusal to hire Plaintiff for open math teacher positions from

July 2001 to February 2004 because of his age, race, and in retaliation for his previously filed charge

of discrimination.  *See* Doc. No. 48.

It is undisputed that Plaintiff was previously terminated by the School Board in September

2000.  Plaintiff's Amended Complaint states that he filed a complaint of racial discrimination in 2000

with the EEOC (Doc. No. 48 ¶ 11), but there is no indication that Plaintiff filed a claim in this Court

following his 2000 EEOC Complaint.[2]  Failure to timely file suit after receiving a right to sue letter

waives any claim for that conduct.  *See, e.g., Keys v. Washington Metropolitan Area Transit*

*Authority,* 408 F.Supp.2d 1, 6 (D.D.C. 2005) ("[I]t is well established that a failure to file suit within

90 days after receiving a right to sue letter is grounds for dismissal.").

Plaintiff's Amended Complaint alleges that he applied for mathematics instructor positions

from July 2001 to February 2004 and was not hired, allegedly in retaliation for filing the EEOC

complaint in 2000.  Doc. No. 48 ¶ 12-13.  While discovery of issues concerning the retaliation claim

---

[1]For example, Request for Admission Number 18 asked whether the instructor that replaced Plaintiff at West Orange High as a Math Instructor is not Black.  Doc. No. 72-4.  The School Board objected to the Request as irrelevant and immaterial and did not answer it.  *Id.*

[2]According to the School Board, Plaintiff's termination "has already been adjudicated in another forum."  Doc. No. 79-1.

is appropriate, Plaintiff cannot resurrect his prior claim arising from his September 2000 termination, which is not a part of his current lawsuit and would be time-barred. *See* Doc. No. 48. Thus, interrogatories and requests for admission regarding his September 2000 termination or the identity of teachers hired to replace him following that termination are irrelevant and the School Board's objection is sustained.

*Request for Production*

Plaintiff moves to compel production of documents from the School Board. Doc. No. 73-1. Apparently the date for production was changed at Plaintiff's request (*see* Doc. Nos. 79-2, 79-3, 73-4, 73-5, 79-5, 79-6), and was subsequently reset unilaterally by Plaintiff for July 5, 2006[3], during the time the School Board's counsel had a previously scheduled vacation; thus, the School Board asked Plaintiff for a different mutually agreeable date. Doc. Nos. 73-3, 79-7. Rather than work out a solution for a mutually agreeable date, Plaintiff immediately filed his Motion to Compel Production of Documents, and there is no Local Rule 3.01(g) certification that Plaintiff conferred with the School Board's counsel prior to seeking relief.

Plaintiff's Motion to Compel is premature, as he had not even reviewed the documents and they had not been produced as of the time he filed the Motion. The School Board has agreed to produce most of the responsive documents, including Plaintiff's personnel file and all responsive documents (to Requests 6, 7, 9, 16, 17) it has received pursuant to documents requests to non-parties. Doc. No. 79-1 at 3-4. Any work product or attorney-client documents created by counsel during, or in anticipation of the litigation, are privileged and do not have to be produced, although a privilege

---

[3]The Motion to Compel cites dates in "January," which the Court will treat as typographical errors meant to read "July." Doc. No. 73-1 ¶ 2.

log is required.  Plaintiff's Motion to Compel (Doc. No. 73) is **DENIED**, but the agreed documents and any privilege log should be provided by September 25, 2006.

*Protective Order/Motion to Compel the Continued Deposition of Karen Ardaman*

Plaintiff seeks to compel the continued deposition of Karen Ardaman, current Chair of the Orange County School Board.  Ms. Ardaman was not a member of the Orange County School Board at the time of Plaintiff's employment and, according to the School Board, has no personal knowledge of his subsequent attempts to obtain re-employment.

On July 18, 2006, Plaintiff conducted the deposition of Ms. Ardaman.  Plaintiff originally noticed Ms. Ardaman's deposition for one hour, according to the School Board.  *See* Doc. No. 80-1[4]. After an hour of deposition, because Ms. Ardaman had another appointment, Plaintiff agreed to adjourn the deposition for resumption at a later date.  The School Board represents that, at time they adjourned on July 18, 2006,  the parties agreed that Ms. Ardaman's deposition would be resumed during the week of August 1, 2006.  Doc. No. 85-1 at 1.  Although the School Board contended that Plaintiff unilaterally noticed the continuation of Ms. Ardaman's deposition for July 28, 2006, a date when she was not available[5], Plaintiff contends that he unilaterally scheduled it when he had not heard from defense counsel for over a week, despite a hand-delivered letter on July 20, 2006. Doc. No. 88. The School Board sought a protective order for Ms. Ardaman's July 28 deposition, which the Court granted with the proviso that it be reset for August 3, 2006 or "another mutually agreeable time." Doc. Nos. 80-1, 83.

---

[4]The original notice limiting the deposition to one hour is not in the record.

[5]The School Board contends that Plaintiff was told at the July 18 deposition that Ms. Ardaman would not be available on July 28, 2006 due to a planned vacation.

Plaintiff represents that he hand delivered a letter on August 1, 2006 requesting a new deposition date of August 7, 2006.  Doc. No. 88.  He also contends that the School Board's counsel mailed to him "late on August 3rd" correspondence (dated August 2, 2006) agreeing to the August 7 that he unfortunately did not receive until August 5, 2006 (a Saturday), which was too late to schedule the deposition for August 7, 2006 (a Monday).  Doc. No. 88 at 11 (cancelled postmark dated August 3, 2006; letter dated August 2, 2006).

The School Board now contends that since the discovery deadline passed on August 7, 2006, Plaintiff cannot schedule Ms. Ardaman's continued deposition.  The Court disagrees.  Clearly defense counsel is at least partially to blame for the failure to promptly communicate the acceptability of August 7, 2006 deposition date, since the letter was not written until August 2, still going through the mail system on August 3, and not delivered until August 5 for a deposition on Monday, August 7. It was the Court's intent that Plaintiff have the opportunity to depose Ms. Ardaman in a continued deposition at a mutually agreeable date.  Doc. No. 83.  Plaintiff's Motion is **GRANTED** and Ms. Ardaman's continued deposition may be reset for no more than three hours at a mutually agreeable time, and in no event later than September 30, 2006.

*Plaintiff's Statements about the Court*

Plaintiff's discovery motions to compel contain impertinent and disrespectful language, such as: "Plaintiff, therefore, demands that this Court, without judicial delay, enter an Order Compelling Defendant to answer the above referenced Interrogatories completely and truthfully within 5 days. Defendant has refused all discovery attempts and this Court has cooperated with this continual misbehavior to the detriment of Plaintiff.  It is far past time for this Court to return to the rule of law

in this case." Doc. No. 93-1 at 2.  Although Plaintiff is proceeding *pro se,* he is expected to follow

the standards of courtesy and decorum appropriate for all litigants proceeding in this Court.

      **DONE** and **ORDERED** in Orlando, Florida on September 15, 2006.

*David A. Baker*
        DAVID A. BAKER
      UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Plaintiff George V. Smith